U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 3 0 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ESAD RAMO MUHEJIC (A071706964), Petitioner | CIVIL ACTION NO. 1:16-CV-911; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed by pro se Petitioner Esad Ramo Muhejic. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana. Petitioner claims that his continued detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual and Procedural History

Petitioner is a native and citizen of Bosnia-Herzegovina. On December 5, 1995, Petitioner was admitted to the United States as a refugee. Petitioner's status was adjusted to that of lawful permanent resident on December 11, 1996, retroactive to December 5, 1995. (Doc. 3, p. 5).

On November 5, 2008, Petitioner was convicted of burglary in White County, Tennessee, which rendered him subject to removal. (Doc. 3, pp. 3, 5). On December 17, 2015, Petitioner was ordered removed. (Doc. 1, p. 6).

Petitioner's custody status was reviewed on March 10, 2016, and ICE determined that Petitioner's removal from the United States was expected in the reasonably foreseeable future. Thus, it was ordered that Petitioner remain in ICE custody. (Doc. 3, p. 6).

Law and Analysis

Under Zadvydas, it is presumptively constitutional for an alien to be detained for six months from the date the removal order becomes final. See Zadvydas v. Davis, 533 U.S. 678, 700-701 (2001). After the expiration of the six-month period, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Agyei–Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011). Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under Zadvydas.

In Andrade v. Gonzales, the Fifth Circuit noted that Zadvydas concerned civil confinement that was "not limited, but potentially permanent." 459 F.3d 538, 543 (5th Cir. 2006) (quoting Zadvydas, 533 U.S. at 691). The Fifth Circuit also reiterated that Zadvydas created no specific limits on detention. See Andrade, 459 F.3d at 543. In fact, an alien may be held in confinement until it has been determined that there

2

is no significant likelihood of removal in the reasonably foreseeable future. Id. (citing Zadvydas, 533 U.S. at 701).

The alien bears the initial burden of proof to show that no such likelihood of removal exists. See id. Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701.

Petitioner does not allege that he appealed his removal order. If no appeal was filed, then Petitioner's removal order became final on January 16, 2016, 30 days from the date it was rendered. Thus, at the time his § 2241 petition was filed on June 23, 2016, Petitioner had not yet been in post-removal order detention for more than six months. Because he had not been detained beyond the presumptively reasonable six-month period, Petitioner is not entitled to relief under Zadvydas.

Furthermore, even if Petitioner had waited to file the § 2241 petition after the six-month period had expired, he has not alleged facts indicating that there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner was ordered to amend his petition to show that his removal was unlikely. Petitioner responded: "[I]t seems that they don't want me otherwise I would have already been back." (Doc. 3, p. 1). Petitioner's statement is conclusory and insufficient to meet his initial burden of proof. Because Petitioner has offered nothing more than a conclusory statement suggesting that his removal is not reasonably foreseeable, his petition should be dismissed without prejudice. See Andrade, 459 F.3d at 543–44.

For the foregoing reasons, Petitioner's § 2241 petition should be DENIED and DISMISSED without prejudice to seeking relief at such time when Petitioner can show that there is no significant likelihood of his removal in the reasonably foreseeable future.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 30 day of August, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge